UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
VERMAIL NOEL,

            Plaintiff,

    -against-                                ORDER
                                          12-CV-6035(SJF)(ETB)

ERIC K. SHINSEKI, Secretary of
Veterans Affairs,

            Defendant.
------------------------------------------------X
VERMAIL NOEL,

            Plaintiff,

    -against-                                ORDER
                                          13-CV-0152(SJF)(ETB)

ERIC K. SHINSEKI, Secretary of
Veterans Affairs,

            Defendant.
------------------------------------------------X
FEUERSTEIN, District Judge:

I.    Introduction

On December 5, 2012, *pro se* plaintiff Vermail Noel ("plaintiff") filed in this Court a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Secretary of Veterans Affairs, Eric K. Shinseki ("defendant"), challenging the "disability rating" assigned to her now-deceased veteran husband ("the decedent"), accompanied by an application to proceed *in forma pauperis*. On January 7, 2013, plaintiff filed a second complaint pursuant to Section 1983 against defendant challenging the determination of the Veterans Affairs Appeals Board concerning the decedent's veteran benefit, accompanied by an application to proceed *in forma pauperis*. For the reasons set

forth below, the above-captioned cases are consolidated under docket number 12-CV-6035; plaintiff's applications to proceed *in forma pauperis* are granted; and the complaints are *sua sponte* dismissed without prejudice for lack of jurisdiction.

II.     Background

In her first complaint, plaintiff: (1) alleges, *inter alia*, that the decedent's "constitutional rights were violated because the defendant fail[ed] to follow the procedures used to determine the rating percentage for disable[d] veterans with mental disorders," (Compl., Attachment to ¶ IV), thereby affecting his benefit level; and (2) seeks damages in the amount of two million dollars ($2,000,000.00), (Compl., ¶ V). In her second complaint, plaintiff: (1) alleges, *inter alia*, that the decedent's constitutional rights were violated "by the process he received from the Regional Office * * *, and the Board of Veterans Appeals" with respect to his claim "for entitlement to service connection for posttraumatic stress disorder * * * and for entitlement to service connection for depression," (Compl., Attachment to ¶ IV); and (2) seeks damages in the amount of two million dollars ($2,000,000.00), (Compl., ¶ V).

III.    Discussion

    A.    Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: * * * consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." See Devlin v. Transportation Communications Intern. Union, 175 F.3d 121, 130 (2d Cir. 1999). District courts have broad

2

discretion to determine whether consolidation is appropriate, see Johnson v. Celotex Corp., 899 F.2d 1281, 1284-1285 (2d Cir. 1990), and may consolidate actions under Rule 42(a) *sua sponte*. See Devlin, 175 F.3d at 130. Consolidation "should be prudently employed as a valuable and important tool of judicial administration, * * *, invoked to expedite trial and eliminate unnecessary repetition and confusion." Devlin, 175 F.3d at 130 (internal quotations and citations omitted). Nonetheless, although considerations of judicial economy generally favor consolidation, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." Johnson, 899 F.2d at 1285; see also Devlin, 175 F.3d at 130 ("[E]fficiency cannot be permitted to prevail at the expense of justice * * *.") In determining whether consolidation is appropriate, the court must consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Johnson, 899 F.2d at 1285 (internal quotations and citations omitted).

Both of plaintiff's complaints were recently filed, challenge defendant's determinations with respect to the decedent's claims for veterans' benefits and have not yet proceeded to discovery, and there will be minimal, if any, prejudice or confusion to the parties in consolidating these actions. Therefore, in the interests of judicial economy and efficiency, and to minimize the expense and burden on all parties in prosecuting and defending multiple lawsuits, the two (2) are consolidated for all purposes. The actions will proceed under docket number 12-cv-6035 (the "lead case"), all papers filed in these actions shall henceforth bear only the lead case docket

3

number, the caption of this consolidated action shall be amended in accordance with this Order and the action assigned docket number 13-cv-152 shall be administratively closed.

B. In Forma Pauperis Application

Since plaintiff's financial status, as set forth in her declarations in support of her application to proceed *in forma pauperis*, qualifies her to commence these actions without prepayment of the Court's filing fees, see 28 U.S.C. § 1915(a)(1), plaintiff's applications to proceed *in forma pauperis* are granted.

C. Subject Matter Jurisdiction

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011), and to construe them "to raise the strongest arguments [that they] suggest[]." Jabbar v. Fischer, 683 F.3d 54, 56 (2d Cir. 2012) (quotations, alterations and citations omitted). However, federal courts are courts of limited jurisdiction, see Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012); Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005), and may not preside over cases absent subject matter jurisdiction. See Exxon Mobil, 545 U.S. at 552, 125 S.Ct. 2611 (holding that federal courts may not exercise jurisdiction absent a statutory basis); Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (holding that federal courts "possess only that power authorized by Constitution and statute * * *."); County of

Nassau, N.Y. v. Hotels.com, LP, 577 F.3d 89, 91 (2d Cir. 2009) (holding that federal courts lack power to disregard the limits on their jurisdiction imposed by the Constitution or Congress). Lack of subject matter jurisdiction may be raised at any time by a party or by the court *sua sponte*. See Gonzalez v. Thaler, 132 S. Ct. 641, 648, 181 L. Ed. 2d 619 (2012); see also Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202, 179 L.Ed.2d 159 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press. * * * Objections to subject matter jurisdiction * * * may be raised at any time.") If a court lacks subject matter jurisdiction, it must dismiss the action. See Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62-3 (2d Cir. 2009).

Section 511(a) of Title 38 of the United States Code provides, in relevant part, that "[t]he Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. [With exceptions not relevant here], the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed * * * by any court, whether by an action in the nature of mandamus or otherwise." Thus, Section 511(a) vests exclusive authority on matters regarding veterans' benefits to the Secretary of Veterans Affairs, see Hassan v. U.S. Department of Veterans Affairs, 137 Fed. Appx. 418, 420 (2d Cir. June 28, 2005), and prevents this court from exercising subject matter jurisdiction over plaintiff's claims. See, e.g. Sugrue v. Derwinski, 26 F.3d 8, 11 (2d Cir. 1994).

"Although [plaintiff's] complaints invoke provisions of the Fifth Amendment and are styled * * * as constitutional actions, the courts do not acquire jurisdiction to hear challenges to benefit determinations merely because those challenges are cloaked in constitutional terms." Sugrue, 26 F.3d at 11; see also McMillan v. Togus Regional Office, Department of Veterans Affairs, 120 Fed. Appx. 849, 852 (2d Cir. Jan. 7, 2005). Accordingly, plaintiff's complaints are *sua sponte* dismissed without prejudice for lack of subject matter jurisdiction.

IV. Conclusion

For the reasons set forth above, plaintiff's applications to proceed *in forma pauperis* are granted; the above-captioned actions are consolidated for all purposes and shall proceed under docket number 12-CV-6035; the Clerk of Court shall (1) amend the caption in accordance with this Order and (2) administratively close the action assigned docket number 13-CV-0152; and the complaints are *sua sponte* dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 1915(a) (3), the Court certifies that any appeal from this order would not be taken in good faith; thus, in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.                                                    s/ Sandra J. Feuerstein

                                                               Sandra J. Feuerstein
Dated:    January 31, 2013                                     United States District Judge
          Central Islip, New York